UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ZERIT MOGOS HAILE,                                                    Petitioner,

v.                                                    Civil Action No. 3:26-cv-374-DJH

JEFF TINDALL, Jailer, Oldham County
Detention Center et al.,                                              Respondents.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Petitioner Zerit Mogos Haile, a noncitizen resident of Texas currently detained in the Western District of Kentucky, seeks a writ of habeas corpus following the revocation of an order of supervision. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1; *see* D.N. 10) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 6), and they have submitted briefs setting out their respective legal arguments (D.N. 10; D.N. 12). After careful consideration, the Court will grant Haile's petition for the reasons explained below.

**I.**

Haile is a native and citizen of Eritrea. (D.N. 1, PageID.1 ¶ 1; *see* D.N. 12-3, PageID.143) He entered the United States on February 22, 2020, and was detained by immigration authorities. (*See* D.N. 12-3, PageID.144; D.N. 12-4, PageID.147) Haile requested asylum and was referred to immigration authorities "for further interviewing and processing." (D.N. 12-3, PageID.144) He was placed in removal proceedings via a Notice to Appear dated May 7, 2020, which designated him as an "arriving alien." (D.N. 12-4, PageID.147) On August 28, 2020, an immigration judge

1

denied asylum and ordered that Haile be removed to Eritrea, but he nevertheless granted withholding of removal to Eritrea.[1]  (*See* D.N. 12-2, PageID.135, 138)  Haile remained in the United States following the removal order under an order of supervision (OSUP).  (*See* D.N. 1, PageID.5 ¶ 21; D.N. 12-6, PageID.153)  In November 2025, Haile "was arrested by immigration officials in southern Indiana while working as a truck driver and stopped at a weigh station." (D.N. 1, PageID.2 ¶ 2)  Around that time, a Warrant of Removal/Deportation was issued authorizing immigration authorities to remove Haile from the United States based on the outstanding removal order.  (*See* D.N. 12-5, PageID.150)  Haile's OSUP was revoked the same day.  (*See* D.N. 12-6, PageID.153)  The Notice of Revocation states that Haile's "case is under current review by Erit[r]ea for the issuance of a travel document" and that he is "to remain in [federal] custody" pursuant to 8 C.F.R. §§ 241.4 and 241.13.  (*Id.*)  Haile remains detained in the Western District of Kentucky.[2]  (*See* D.N. 15, PageID.165)

Haile seeks a writ of habeas corpus against Oldham County Jailer Jeff Tindall, the Chicago U.S. Immigration and Customs Enforcement (ICE) Field Office Director, Department of Homeland Security (DHS) Secretary Markwayne Mullin, and Acting U.S. Attorney General Todd Blanche.  (*See* D.N. 1, PageID.4–5 ¶¶ 15–18)  Haile alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; and due process under the Fifth

---

[1] If a noncitizen is granted withholding-only relief, the government "may not remove [him] to the country designated in the removal order unless the order of withholding is terminated." *Johnson v. Guzman Chavez*, 594 U.S. 523, 531 (2021) (citations omitted).  "But because withholding of removal is a form of country[-]specific relief, nothing prevents [the government] from removing the alien to a third country other than the country to which removal has been withheld or deferred." *Id.* at 531–32 (citation modified) (citations omitted).

[2] On May 26, 2026, the Court enjoined Respondents from removing Haile from the United States. (*See* D.N. 11, PageID.115)  At that time, Haile had already been moved to an immigration detention facility in Louisiana pending his imminent deportation. (*See id.*, PageID.113)  The Court subsequently granted the parties' joint motion to transport Haile back to the Western District of Kentucky because the facility in Louisiana was "not meant to hold individuals more than a few days in preparation for their removal from the United States." (D.N. 15, PageID.165)

Amendment.    (*See id.*, PageID.10–13 ¶¶ 39–52)    He additionally asserts that the federal respondents "did not comply with the applicable laws and regulations to revoke [his] Order of Supervision." (D.N. 10, PageID.100; *see id.*, PageID.100–01)  Haile asks the Court to order his immediate release.  (*See* D.N. 1, PageID.14)  Respondents argue that (1) Haile is properly detained under 8 U.S.C. § 1231 due to the removal order, and (2) the requested relief would "imped[e]" the removal order and the Court thus lacks jurisdiction to consider Haile's claims.    (D.N. 12, PageID.121; *see id.*, PageID.118–21)

## II.

### A.    Jurisdiction

Citing 8 U.S.C. § 1252(g), Respondents argue that the Court lacks jurisdiction over this matter on the ground that Haile "ask[s] this Court to enter an order preventing 'any action of removal, deportation, transfer from U.S. territory[,] or transfer from the Western District of Kentucky.'" (*Id.*, PageID.119 (quoting D.N. 4, PageID.29–30))  Haile maintains that he "does not seek review of his order of removal" but rather asserts that "Respondents did not comply with the applicable laws and regulations to revoke [his] Order of Supervision," in violation of due process. (D.N. 10, PageID.100; *see id.*, PageID.100–01)

Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  "This jurisdictional bar is 'narrow.'" *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *2 (W.D. Ky. Nov. 4, 2025) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999)).  "The provision 'applies only to three discrete actions that the

3

Attorney General may take': commencing proceedings, adjudicating cases, and executing removal orders." *Id.* (quoting *Reno*, 525 U.S. at 482). Section 1252(g) "does not 'sweep in any claim that can technically be said to arise from the three listed actions of the Attorney General.'" *Id.* (internal quotation marks omitted) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)).

Here, Haile asserts that his detention following the revocation of his OSUP violates due process. (*See* D.N. 10, PageID.100–01) Section 1252(g) does not bar review of that claim. *See Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *2 (E.D. Tex. Aug. 2, 2025) (finding that § 1252(g) did not bar claims as to revocation of OSUP and observing that "28 U.S.C. § 2241 confers jurisdiction [on district courts] to [consider] detention that is without statutory authority, as well as constitutional challenges to post-removal-period detention" (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001))). Indeed, courts regularly exercise jurisdiction to consider the same legal issue presented here. *See generally, e.g.*, *Ahmed v. Olson*, No. 26-89-DLB, 2026 WL 836123 (E.D. Ky. Mar. 26, 2026); *Choy v. Woosley*, No. 4:25-cv-197-DJH, 2026 WL 324601 (W.D. Ky. Feb. 6, 2026); *Sarail A. v. Bondi*, 803 F. Supp. 3d 775 (D. Minn. 2025). The Court will therefore consider Haile's claim as to the revocation of his OSUP.

**B.      Process Due Under Applicable Regulations**

"Section 1231 generally governs the process for when noncitizens are detained, issued an order of removal, and subject to removal and supervision." *K.E.O. v. Woosley*, No. 4:25-cv-74-RGJ, 2025 WL 2553394, at *3 (W.D. Ky. Sep. 4, 2025). "Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'" *Guzman Chavez*, 594 U.S. at 528 (quoting § 1231(a)(1)(A)). Subject to exceptions not applicable here, "an alien who is not removed within the 90-day removal period will be released subject to supervision." *Id.* at 529 (citing 8 U.S.C. § 1231(a)(3); 8 C.F.R. § 241.5). Thus, although Haile's petition asserts

4

that § 1226(a) governs his detention (*see* D.N. 1, PageID.12–13 ¶¶ 49–52), § 1231 applies instead because Haile has been ordered removed from the United States. *K.E.O.*, 2025 WL 2553394, at *3.

Pursuant to regulations accompanying 8 U.S.C. § 1231, a noncitizen may be placed under an order of supervision if he "demonstrates to the satisfaction of the Attorney General . . . that his . . . release will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending [his] removal." 8 C.F.R. § 241.4(d)(1); *see K.E.O.*, 2025 WL 2553394, at *3; *see also* 8 C.F.R. § 241.4(b)(3) (explaining the regulation's applicability to noncitizens granted withholding of removal). Moreover, 8 C.F.R. § 241.13 "governs revocation of OSUP when ICE has previously made a determination that there is no significant likelihood of removal in the reasonably foreseeable future." *Choy*, 2026 WL 324601, at *3 (citation modified). "Once ICE has made that determination, ICE may subsequently revoke the alien's release and return the alien to custody if, on account of changed circumstances, it determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *Id.* (citation modified). "Upon revocation, the alien will be notified of the reasons for revocation of his or her release, and ICE will conduct an initial informal interview to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* (citation modified). "If the alien is not released from custody following the informal interview, the provisions of § 241.4 shall govern the alien's continued detention pending removal." *Id.* (citation modified). "When § 241.13(i) governs revocation, the procedures outlined for revocation under § 241.4(*l*) do not apply." *Id.* (citing *Saengnakhone S. v. Noem*, No. 25-cv-4775 (ECT/LIB), 2026 WL 34132, at *5 (D. Minn. Jan. 6, 2026)).

Here, the government "explicitly invoked both § 241.4 and § 241.13" in the Notice of Revocation (*see* D.N. 12-6, PageID.153). *Choy*, 2026 WL 324601, at *3. Moreover, the Notice

5

stated that the decision to detain Haile was based on a "determination that there [were] changed circumstances in [his] case." (D.N. 12-6, PageID.153)  The Notice further stated that "ICE ha[d] determined that [he] can be expeditiously removed from the United States pursuant to the outstanding order of removal against [him]" (*id.*), "language that parrots § 241.13(i)(2)." *Choy*, 2026 WL 324601, at *3.  Despite such language in the Notice, the record supports § 241.13's applicability and that Haile's removal had not previously been reasonably foreseeable, *see* § 241.13(b)(1), given that Haile had been ordered removed in August 2020 and issued the Notice of Revocation in November 2025.  (*See* D.N. 12-2, PageID.135; D.N. 12-6, PageID.153)  Section 241.13 applies here in any event given that the Notice of Revocation invoked it. *See Qui v. Carter*, No. 25-3131-JWL, 2025 WL 2770502, at *2 (D. Kan. Sep. 26, 2025).  Because Haile's OSUP was revoked pursuant to that provision, he was entitled to notice and an interview. *See Choy*, 2026 WL 324601, at *3 (citing § 241.13(i)(3)).

## C.    Adequacy of Notice and Lack of Interview

"When ICE re-detains an individual under § 241.13, the regulation requires '(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future.'" *Id.* at *4 (quoting *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023)); *see* 8 C.F.R. § 241.13(i)(2).  "ICE's explanation for revoking a petitioner's supervision should provide adequate notice of the basis for the revocation decision such that [he] can meaningfully respond at the post-detention informal interview." *Id.* (citation modified).  "Simply to say that circumstances had changed or there was a significant likelihood of removal in the foreseeable future is not enough.  Petitioner must be told *what* circumstances had changed or *why* there was now a significant likelihood of removal in order to meaningfully respond." *Id.* (quoting *Sarail A.*, 803 F. Supp. 3d at 787).

6

The Notice provided to Haile stated that "there [were] changed circumstances in [his] case"; that "ICE ha[d] determined that [he] can be expeditiously removed from the United States"; that his "case [was] under current review . . . for the issuance of a travel document"; and that "[b]ased on" those reasons, Haile "[was] to remain in ICE custody."  (D.N. 12-6, PageID.153) Such "boiler plate language is simply insufficient to give notice under § 241.13" because it did not tell Haile what circumstances had changed or why removal was significantly likely.  *Ahmed*, 2026 WL 836123, at *4; *see id.* (collecting cases rejecting similar language as insufficient for notice); *see also Sarail A.*, 803 F. Supp. 3d at 787; *Choy*, 2026 WL 324601, at *5 (finding nearly identical language insufficient to provide notice and observing that "[t]he mere request of a travel document by ICE is not a changed circumstance supporting re-detention under § 241.13" (citations omitted)). Moreover, it appears from the record that Haile has not received a "prompt[]" interview following his detention to "respond to the reasons for revocation" and "submit any evidence or information that he . . . believes shows there is no significant likelihood" of removal in the reasonably foreseeable future, 8 C.F.R. § 241.13(i)(3).  (*See* D.N. 1, PageID.2 ¶ 2 ("[Haile] is currently being detained at the Oldham County Detention Center and has been detained without the opportunity for a bond hearing or other mechanism for release for the past [seven] months."); *see generally* D.N. 9; D.N. 12))

For the reasons explained in *Choy* and in the decisions of other courts that have considered the same issue, the government's failure to comply with § 241.13 violated Haile's due-process rights.  *See Choy*, 2026 WL 324601, at *6–7; *Ahmed*, 2026 WL 836123, at *5; *K.E.O.*, 2025 WL 2553394, at *6; *see also Hall v. Nessinger*, No. 25-cv-667-JJM-PAS, 2026 WL 18583, at *7 (D.R.I. Jan. 2, 2026) ("ICE's failure to provide a noncitizen with adequate notice of its basis for revoking supervised release violates the noncitizen's due process rights." (citations omitted));

*Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025) (concluding that failure to properly inform a noncitizen "of the basis for the revocation of his release necessarily violates due process because it thwarts his ability to contest that action"). The Court will therefore order Haile's release, subject to the conditions of his preexisting OSUP. *See Choy*, 2026 WL 324601, at *7 (ordering release subject to conditions of previous OSUP); *Ahmed*, 2026 WL 836123, at *6 (finding that "the only appropriate remedy is immediate release pursuant to the conditions of Petitioner's preexisting OSUP" and collecting cases ordering release for the same violation).

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Haile's habeas petition (D.N. 1) is **GRANTED**.  Respondents are **DIRECTED** to immediately release Haile, subject to the conditions of his preexisting Order of Supervision.  If Haile is re-detained, Respondents **SHALL** provide him with notice and an interview that comply with the relevant regulations.  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **June 29, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

June 26, 2026

David J. Hale, Chief Judge
United States District Court

8